Thomas A. Saenz (State Bar No. 159430)
Denise Hulett (State Bar No. 121553)
Miranda Galindo (State Bar No. 308499)*
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266
Email:  tsaenz@maldef.org
        dhulett@maldef.org
        mgalindo@maldef.org
*application for admission to N.D. Cal. forthcoming

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFINA RECENDIZ GARCIA and ELADIO HUITZIL,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF KING, JOHN DOES 1-20 in their individual capacities, and LEYVA'S TOWING, INC.,<br><br>　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

# INTRODUCTION

Plaintiffs allege as follows:

1. This civil action challenges CITY OF KING's ("City") and LEYVA'S TOWING, INC.'s ("Defendants") unlawful towing and storage of RUFINA RECENDIZ GARCIA's and ELADIO HUITZIL's ("Plaintiffs") vehicles in violation of the Fourth Amendment, and other laws. This action also challenges Defendants charging Plaintiffs exorbitant fees to tow and store vehicles that they had no right to tow in the first place. Defendants misrepresented and attempted to collect money from Plaintiffs relating to their towing and storage of vehicles that never should have been towed in the first place.

# JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a), and 1367, as well as under 42 U.S.C. §§ 1983 and 1988, and CAL. GOV'T CODE § 815.6. Under 28 U.S.C. § 1391(b), venue is proper because Defendants reside in this district and the events giving rise to the claims occurred and occur in this district.

# PARTIES

**Plaintiffs**

3. Plaintiffs RUFINA RECENDIZ GARCIA and ELADIO HUITZIL ("Plaintiffs") are residents of Monterey County.

**Defendants**

4. Defendant CITY OF KING ("City") is an incorporated municipality located in Monterey County.

5. Defendants JOHN DOEs 1-10 are employees of the City that personally participated in the tows and storages of Plaintiffs' vehicles, and in charging Plaintiffs fees related to those tow events.

6. Defendants JOHN DOEs 11-20 are employees of the City that personally participated in the City's storage hearing services, including the distribution of notice to Plaintiffs regarding their rights to challenge the City's tow and storage of their vehicles, and charge of

related fees.

7. Defendant LEYVA'S TOWING, INC. is a corporation located in Monterey County.

## FACTUAL ALLEGATIONS

**City Orders Leyva's Towing, Inc. to Tow and Store the Truck for Thirty Days**

8. On or about October 5, 2015, the City ordered Leyva's Towing to tow Rufina Recendiz Garcia's truck following a traffic stop of her son, Carlos Daniel Recendiz, which occurred blocks from her home. The City's police officers did not arrest Carlos Recendiz, but they cited him for driving without a license and ordered Leyva's Towing, Inc. to tow and store the truck. The City denied Carlos Recendiz's request to call his mother and allow her to remove the truck.

**Ms. Recendiz Garcia Lost the Use and Enjoyment of Her Truck because the City Did Not Notify Her in Spanish About Her Right to a Storage Hearing**

9. Ms. Recendiz Garcia is a Spanish-speaker. On or about October 5, 2015, Ms. Recendiz Garcia went to the front desk of the City's Police Department and asked, in Spanish, to speak with the police chief. The administrator at the front desk told her, in Spanish, to speak with Officer John Doe ("Officer Doe"). Officer Doe spoke to Ms. Recendiz Garcia in English and did not use an interpreter. Ms. Recendiz Garcia did her best to communicate with Officer Doe in her limited English. Officer Doe refused Ms. Recendiz Garcia's requests to release her truck and stated it was the "law" for it to be impounded for thirty days. Officer Doe never informed her of her right to challenge the validity of the impoundment at a storage hearing.

10. On or about October 6, 2015, the City mailed Ms. Recendiz Garcia a Notice of Stored Vehicle in English. The Notice of Stored Vehicle stated that a local ordinance gave "storage authority/reason" for the City's order to store the truck. It also stated that she would receive a hearing to determine the validity of the truck's impoundment if she asked the City for a storage hearing in person, in writing, or by telephone within ten days. Ms. Recendiz Garcia would have requested a hearing within the ten-day deadline if the Notice of Stored Vehicle had

been in Spanish, but she did not because she did not understand its contents.

11. On or about October 7, 2015, the day she received the Notice of Stored Vehicle, Ms. Recendiz Garcia went to Leyva's Towing, Inc. and requested, in Spanish, the immediate release of her truck. Leyva's Towing, Inc.'s employee said it was under orders from the City to hold the truck for thirty days, and that it would cost her $2,351 to retrieve it at the end of the thirty-day period.

12. On or about October 14, 2015, Leyva's Towing, Inc. mailed Ms. Recendiz Garcia, in English, a Notice of Pending Lien Sale for Vehicle Valued $4,000 or Less and an Invoice. The Notice of Pending Lien Sale instructed Ms. Recendiz Garcia to: (1) pay her bill and reclaim her vehicle within a month, (2) submit a Declaration of Opposition to dispute the pending sale within a week, or (3) allow the sale to proceed on or about November 13, 2015 by doing nothing. Ms. Recendiz Garcia did not understand these options because they were written in English. She thought that the only way to recover her truck was to wait until the conclusion of a mandatory thirty-day storage period and pay $2,351 in accrued storage, towing, and administrative charges at that time. Ms. Recendiz Garcia's belief was based on her previous conversations with the City and Leyva's Towing, Inc. and caused her to forego further attempts to reclaim her truck, even after the thirty-day period, because she could not afford to pay $2,351.

**Leyva's Towing, Inc. Released the Truck to the Dealership, Overcharged Ms. Recendiz Garcia, and Assigned Her Debt to a Collections Agency Without Notifying Her**

13. At the time, Ms. Recendiz Garcia was the registered owner of the truck and was still paying her vehicle loan. Ms. Recendiz Garcia did not pay a car dealership, doing business as "Greenfield Auto Sales," after the stop and owed a balance of $600.

14. On or about October 16, 2015 Leyva's Towing, Inc. released the Truck to Greenfield Auto Sales in exchange for $1,090, including $180 for towing, $840 for storage, and $70 for administrative charges.

15. On or about November 6, 2015, Ms. Recendiz Garcia did not contact or go to Leyva's Towing, Inc. to retrieve her truck, and did nothing further to get the truck back, because

she relied on its representation that they would not release the truck unless she paid $2,351, which she could not afford to do.

16. On or about January 22, 2016 Credit Bureau Associates, a collections agency, mailed Ms. Recendiz Garcia a debt collection letter, in English, attempting to collect $2,118.97. The letter stated that Leyva's Towing, Inc. assigned Ms. Recendiz Garcia's debt to Pacific Credit Services, who in turn assigned it to Credit Bureau Associates.

17. On or about February 17, 2016 Ms. Recendiz Garcia asked Leyva's Towing, Inc., in Spanish, for documents that her son Carlos needed for his upcoming traffic ticket hearing. During this conversation, Leyva's Towing, Inc. informed Ms. Recendiz Garcia, for the first time, that it released the truck to the dealership on or about October 16, 2015. On or about February 21, 2016 the dealership gave Ms. Recendiz Garcia the truck in exchange for $1,690 cash, the outstanding balance she owed on the truck plus the amount the dealership paid Leyva's Towing, Inc. to repossess it.

**The City Unlawfully Towed and Stored Plaintiffs' Vehicles Multiple Times**

18. In addition to the 2015 tow event, Defendants unlawfully towed the Plaintiffs' vehicles on at least two previous occasions, which are timely because the *Jesus Garcia, et al. v. City of King City, et al.*, No. 5:14-CV-01126 BLF (N.D. Cal. Mar. 10, 2014) action tolled their statutes of limitations. On information and belief, neither of these tow events involved an arrest of the driver, exigent public safety circumstances, or Spanish-language notification of Plaintiffs' right to recover their vehicles.

19. On or about October 15, 2013 Defendants towed and stored Plaintiffs' 1991 Toyota Camry, without prior notice, from a legal parking spot in front of Plaintiffs' home because it had expired tags. Sometime after October 15, 2013, Defendants prevented Plaintiffs' recovery of their Toyota Camry by charging them an excessive fee when Eladio Huitzil attempted to recover it. Defendants did not provide Plaintiffs with any notice of their right to a storage hearing or right to reclaim their personal property from the vehicle. Leyva's Towing, Inc. told Eladio Huitzil that it sold this vehicle when he went to reclaim it, and did not provide Plaintiffs with any proceeds from that sale.

20. On or about March 8, 2013 Defendants towed and stored Plaintiffs' 2004 Pontiac Sunfire in connection with a traffic stop of Armando Huitzil, Plaintiffs' son. Defendants did not arrest Armando Huitzil but searched the vehicle and cited him for driving without a license. Defendants refused Ms. Recendiz Garcia's request to remove the vehicle instead of having it towed when she arrived at the traffic stop.

21. Plaintiffs satisfied their claim presentation requirement for monetary relief against the City.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 – Fourth Amendment and CAL. CONST. ART. 1, § 13

### (unreasonable seizures against all Defendants)

22. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

23. Defendants intentionally towed and stored Plaintiffs vehicles, which deprived and interfered with Plaintiffs' use and enjoyment of those vehicles.

24. Defendants' tow and storage of Plaintiffs' vehicles were not authorized by warrants.

25. At the time of the tows, Plaintiffs' vehicles were not impeding traffic, were parked in legal parking spots, did not pose a hazard to other drivers, and were not at risk for vandalism.

26. At the time of the tows, Plaintiffs, and the drivers of their vehicles, asked Defendants for permission to provide for their vehicle's safe removal by nearby licensed drivers, instead of having them towed. Defendants refused these requests.

27. At the time of the tows, the City did not arrest the drivers and the vehicles had not been in any accidents.

28. There were insufficient grounds for Defendants to conclude that the drivers of Plaintiffs' vehicles were unsafe.

29. The City did not condition Ms. Recendiz Garcia's ability to reclaim the truck on the safety of Carlos Recendiz's driving, and its thirty-day hold was not reasonably calculated to

deter unsafe driving.

30. City police officers undertook actions under their official duties when they ordered and authorized the tow and storage of Plaintiff's vehicles. Officers' decisions to tow and store vehicles are reviewed and ratified by the City's Chief of Police and City Council, and they are final policymakers regarding the City's towing and storage activities.

31. The City has a policy and custom of authorizing warrantless tows and storage of vehicles when they are driven by unlicensed drivers who were previously cited for driving without a license. This policy and custom excludes traffic stops involving these drivers from the prerequisite that officers make every effort to find a licensed driver to take possession of a vehicle before ordering its removal. The City regularly imposes thirty-day holds on vehicles under this policy and custom.

32. On information and belief, the City enforced the policy and custom described in paragraph 26 when its police officer refused Carlos Recendiz' request to allow his mother to remove the truck before ordering its removal and thirty-day hold. Then, the City's Chief of Police and City Council reviewed and authorized the officer's order to tow and store the truck.

33. On information and belief, the City has a custom of authorizing warrantless tows and storage of vehicles driven by unlicensed drivers when the City does not have an interest in preventing a hazard to other drivers, protecting the public from an unsafe driver, or preventing theft or vandalism. On information and belief, the City ordered the tow and storage of Plaintiffs vehicles when it enforced this custom, including on or about March 8, 2013 when the City's police officer refused the driver's request to allow his mother, a licensed driver who was present during the traffic stop, to remove Plaintiff's 2004 Pontiac Sunfire before ordering its removal and storage.

34. Defendants' policies and customs were the moving force of Plaintiff's resulting injuries, including serious emotional distress.

35. On information and belief, Leyva's Towing, Inc. is subject to the City's control when it performs towing and storage services for the City under their agreement. Leyva's

Towing, Inc. wilfully performed duties that were expressly or impliedly assigned by the City when it complied with the City's orders to tow and store Plaintiffs' vehicles and charged them related fees.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – Fourteenth Amendment and CAL. CONST. ART. 1, § 7

### (procedural due process against all Defendants)

36. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

37. Defendants charged Plaintiffs exorbitant fees related to the unlawful towing and storage of their vehicles, including fees in excess of the charges Plaintiffs actually incurred.

38. On information and belief, Leyva's Towing, Inc. has a policy and custom of charging exorbitant tow and storage fees, and enforced this policy and custom when it overcharged Plaintiffs on more than one occasion.

39. Plaintiffs have a private interest in the amounts of money that Defendants overcharged them.  Defendants' procedures, including failing to notify Plaintiffs' of their right to a storage hearing to challenge the charges related to their tow of their 1991 Toyota Camry and charging them for storage fees that they never incurred, created a high risk that Plaintiffs' would be erroneously overcharged.  Providing Plaintiffs timely notice of their right to a storage hearing and limiting charges to documented fees Plaintiffs incurred would not pose an undue hardship and would substantially safeguard the risk of overcharging Plaintiffs.

## THIRD CAUSE OF ACTION

### CAL. GOV'T CODE § 11135, *et. seq.* (against the City and John Does 11-20, in their individual capacities)

40. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

41. Plaintiffs are not native English-speakers and cannot communicate effectively in English..  Plaintiffs are Spanish-speakers.

42. The City receives state support through a grant or subgrant and it administers state-funded activities, programs and services provided as a result of state support, including storage hearings.

43. Plaintiffs are ultimate beneficiaries of the City's storage hearings; and they were unlawfully deterred from applying for the benefits of the City's activities, programs, and services provided as a result of state support relating to storage hearings.

44. Defendants violated their duty to make Spanish-language versions of Storage Notices and Notices of Pending Lien Sale available to Plaintiffs, which interfered with their right to challenge the validity of the tow and storage of their vehicles, and it would not have been an undue hardship to do so.

45. The City failed to take appropriate steps to provide Ms. Recendiz Garcia with a translator or Spanish-speaking employee, when she went to the police station and challenged the validity of the City's order to store the truck for thirty-days; which prevented her from making a timely request for a storage hearing.

46. The City discriminated against Plaintiffs on the basis of color or ethnic group identification, which deprived them of an equal opportunity to reclaim their vehicles, compared to English speakers.

47. The City's failure to provide Plaintiffs with Spanish-language Storage Notices, Notices of Pending Lien Sale, and Spanish-language services subjected Plaintiffs to less effective services, and limited their enjoyment of services, compared to others, on the basis of their possession of linguistic characteristics common to racial, cultural, or ethnic group from which they or their forbearers originated.

**FOURTH CAUSE OF ACTION**
**Fraud—Common Law Deceit, Intentional Misrepresentation (CAL. CIV. CODE § 1709), and Fraudulent Concealment (CAL. CIV. CODE § 1710) (against Leyva's Towing, Inc.)**

48. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

49. On information and belief, the dealership's payment of $1,090 to Leyva's Towing, Inc. on or about October 16, 2015 discharged Ms. Recendiz Garcia's obligation to pay any money to Leyva's Towing, Inc., Credit Bureau Associates, Inc. ("collections agency"), and any other assignees. The dealership made this payment before Ms. Recendiz Garcia received a letter from the collections agency on or about January 22, 2016 notifying her that Leyva's Towing, Inc. assigned its right to collect the debt.

50. On information and belief, Leyva's Towing, Inc. assigned Ms. Recendiz Garcia's debt to the collections agency, and under this agreement Leyva's Towing, Inc.: (1) made representations about Ms. Recendiz Garcia's debt with the intention that the collections agency use that information to collect money from her, (2) had the right to control the manner and means of debt collection, and (3) assigned the task of sending Ms. Recendiz Garcia a debt collection letter to the collections agency. Credit Bureau Associates, Inc. sent Ms. Recendiz Garcia a debt collection letter dated January 22, 2016 ("debt collection letter") stating that Ms. Recendiz Garcia's account was assigned to its office, and that the letter was "Re: LEYVA'S TOWING." Credit Bureau Associates, Inc.'s website states that it "recovers outstanding accounts for their clients."

51. On information and belief, Ms. Recendiz Garcia did not owe any money on or about January 22, 2016; but the debt collection letter claimed that (1) she still owed money, and (2) that she owed $2,118.97, which was $1,028.97 more than the charges she actually incurred.

52. On information and belief, Leyva's Towing, Inc. knew, or at a minimum recklessly disregarded the fact, that its collections agency sent Ms. Recendiz Garcia a letter stating that she owed $2,118.97 when:

   i. she did not owe any money,
   ii. the letter overstated the charges that she incurred by $1,028.97, and/or

           iii.   it failed to disclose that dealership's payment discharged the debt. On information and belief, the statements in the debt collection letter were based on Leyva's Towing, Inc.'s misrepresentations to the collections agency about Ms. Recendiz Garcia's debt; and at the time of those misrepresentations, Leyva's Towing, Inc. intended, or reasonably expected, that the collections agency would repeat them to Ms. Recendiz Garcia, despite lacking reasonable grounds to believe that the debt collection letter's misrepresentation of Ms. Recendiz Garcia's debt was true on or about January 22, 2016.

53.     Leyva's Towing, Inc. disclosed incomplete information likely to mislead Ms. Recendiz Garcia about the existence and nature of her debt.  On or about October 7, 2015 it told her that she would owe $2,351 at the conclusion of a mandatory thirty-day hold.  On or about October 14, 2015 it mailed her an Invoice and a Notice of Pending Lien Sale, which stated that she owed money, would continue to incur storage charges at a rate of $70 per day, and that it would sell her truck on or about November 13, 2015.  On information and belief, Leyva's Towing, Inc. assigned the debt to a collections agency knowing that it would attempt to contact and collect money from Ms. Recendiz Garcia.  On or about January 22, 2016 its agent mailed Ms. Recendiz Garcia the debt collection letter stating that she owed $2,118.97, even though the debt was already extinguished.  Without disclosure of its transaction with the dealership, Leyva's Towing, Inc.'s representations and actions were likely to mislead Ms. Recendiz Garcia into believing she owed money that she did not.

54.     On information and belief, (1) Leyva's Towing, Inc.'s failure to disclose the dealership's payment, and (2) the debt collection letter's statement that it was attempting to collect a debt and may report Ms. Recendiz Garcia to a credit reporting agency if she did not pay the balance within a certain amount of time, reflected Leyva's Towing, Inc.'s intention that she rely on the letter's misrepresentation of her debt and pay the collections agency money.

55.     Ms. Recendiz Garcia reasonably relied on the letter's representation of her debt for four months until she accidentally discovered that her debt was paid.

56.     Leyva's Towing, Inc.'s actions were negligent and outrageous and made in

reckless disregard of Ms. Recendiz Garcia's rights and the probability that its conduct would be a substantial factor in causing her severe emotional distress, which it did.

## FIFTH CAUSE OF ACTION

**Unfair Competition Law (CAL. BUS. & PROF. CODE § 17203-04) (against Leyva's Towing, Inc.)**

57. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

58. Leyva's Towing, Inc. engaged in unlawful conduct against Plaintiffs, including fraudulent misrepresentations about Ms. Recendiz Garcia's debt, Fourth Amendment violations, and Vehicle Code violations. This unlawful conduct harmed Plaintiffs by depriving them of the use and enjoyment of their vehicles, preventing Ms. Recendiz Garcia from timely disputing the debt claimed by the collections agency, and costing Plaintiffs additional vehicle registration expenses.

59. Leyva's Towing, Inc.'s actions were negligent and outrageous and made in reckless disregard of Ms. Recendiz Garcia's rights and the probability that its conduct would be a substantial factor in causing her severe emotional distress, which it did.

## SIXTH CAUSE OF ACTION

**Negligence Per Se (against John Does 1-10, in their individual capacities, and Leyva's Towing, Inc.)**

60. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

61. CAL. VEH. CODE §§ 669(a), 14607.6(p), and 22850.5 prohibit Defendants from charging Plaintiffs for storage services that they did not actually incur. John Does 1-10, in their individual capacities, and Leyva's Towing, Inc. violated this law by charging Plaintiffs exorbitant fees related to the tow and storage of their vehicles and these violations substantially contributed to Plaintiffs' harm, including serious emotional distress.

62. CAL. VEH. CODE § 14602.6 only authorizes the Defendants to tow and cause a

thirty-day hold of a vehicle if a police officer (1) arrests the driver, or (2) the vehicle was involved in an accident. John Does 1-10, in their individual capacities, violated this statute by towing and storing Plaintiffs' truck under its authority without meeting these perquisites, and these violations substantially contributed to Plaintiffs' harm, including serious emotional distress.

63. CAL. VEH. CODE § 22651(h)(1) only authorizes Defendants to tow a vehicle if a police officer arrests the driver. John Does 1-10, in their individual capacities, violated this statute by towing and storing Plaintiffs' 2004 Pontiac Sunfire under its authority without arresting the driver, including serious emotional distress.

### SEVENTH CAUSE OF ACTION

**Trespass to Chattel (CAL. GOV'T. CODE § 815.2) (against John Does 1-10, in their individual capacities, and Leyva's Towing, Inc.)**

64. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

65. Plaintiffs have a property interest in the use and enjoyment of their vehicles, including their 2000 Chevrolet Silverado, 1991 Toyota Camry, and 2004 Pontiac Sunfire. John Does 1-10, in their individual capacities, and Leyva's Towing, Inc. interfered with Plaintiff's possession of their truck, deprived them of its use and enjoyment for several months, and cost them storage and vehicle registration charges by causing the truck to be stored for a prolonged period of time.

66. The exorbitant tow and storage fees that John Does 1-10, in their individual capacities, and Leyva's Towing, Inc. charged Plaintiffs interfered with Plaintiffs' possession of their vehicles, deprived them of their use and enjoyment, cost them administrative fees, and substantially caused serious emotional distress.

### EIGHTH CAUSE OF ACTION

**Negligence (against John Does 1-10, in their individual capacities, and Leyva's Towing, Inc.)**

67. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior

paragraphs of this Complaint.

68. John Does 1-10, in their individual capacities, and Leyva's Towing, Inc. violated their duty to comply with the law when towing and storing Plaintiffs' vehicles, and this breach substantially contributed to Plaintiffs' harm, including serious emotional distress.

## DAMAGES

69. Plaintiffs' out of pocket expenses relating to Defendants' unlawful tow of the truck on or about October 5, 2015, subsequent storage, and resulting debt collection practices include: $1,090 in towing, storage, and administrative fees, and a $14 vehicle registration reinstatement fee. Compensatory damages include pain and suffering, the value of losing the use and enjoyment of the truck for approximately 139 days, and the $2,118.97 debt that the collections agency claims Ms. Recendiz Garcia owes.

70. Plaintiffs' damages relating to Defendants' unlawful tow and storage of their 1991 Toyota Camry on or about October 15, 2013 include: the market value of that vehicle, approximately $1,500; $1,100 in lost earnings; the value of tools and a jack that were inside the vehicle, totaling approximately $120; being deprived of the use and enjoyment of that vehicle; and pain and suffering.

71. Plaintiffs' damages relating to Defendants' unlawful tow and storage of their 2004 Pontiac Sunfire on or about March 8, 2013 includes: approximately $450 in towing, storage, release, and administrative fees; the use and enjoyment of that vehicle for three days; and pain and suffering.

72. Ms. Recendiz Garcia's reliance on Leyva's Towing, Inc.'s, and its collection agency's, misrepresentations and omissions caused her to believe that she owed $2,118.97, and that Leyva's Towing, Inc. would sell the truck to satisfy her debt; which in turn prevented and/or delayed her from exercising her right to timely dispute the debt and reclaim the truck from the dealership, cost her additional vehicle registration expenses, and caused her pain and suffering.

## JURY DEMAND

73. Plaintiffs demand a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court enter Judgment granting Plaintiffs:

1. General damages, including compensatory damages according to proof;
2. Punitive damages, against Leyva's Towing, Inc. only, according to proof;
3. The cost of the suit
4. Reasonable attorneys' fees and expenses of this litigation, including under 42 U.S.C § 1988;
5. Interest at the maximum legal rate for all sums awarded; and
6. Such other and further relief as the Court may deem just and proper.

Dated:  November 18, 2016                    Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

  /s/Denise Hulett
Thomas A. Saenz
Denise Hulett
Miranda Galindo

*Attorneys for Plaintiffs*