UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUFINA RECENDIZ GARCIA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF KING, et al.,<br><br>  Defendants. | Case No. 5:16-cv-06712-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 26, 27 |

I. INTRODUCTION

Plaintiffs Rufina Recendiz Garcia ("Recendiz Garcia") and Eladio Huitzil ("Huitzil") initiated this suit against Defendants City of King (the "City"), several of the City's police officers[1], and Leyva's Towing, Inc. ("Leyva's Towing") to challenge the allegedly unlawful towing and storage of their vehicles. Presently before the Court is the City's motion to strike allegations relating to two towing incidents that occurred in 2013 on the grounds that any claims based upon these incidents are time-barred by the applicable statutes of limitations and the statutes of limitation were not otherwise tolled by an earlier-filed action involving allegations of unlawful towing and storage. The City separately moves to dismiss Plaintiffs' claims pursuant to Fed.R.Civ.P. 12(b)(6), asserting among other things that the police officers exercised their lawful authority and discretion to have Plaintiffs' vehicles towed; the City cannot be held liable under a

---

[1] The named City of King police officers are: Chiefs Ronald Forgue, Bruce Edward Miller, and Nick Balvidiez, Interim Chiefs Anthony Sollecito and Darius Engles, Acting Chief Alejandrina Tirado, Sergeants Joey Perez and Brennan Lux, and Officers Joshue Partida, Elias Orozco, Mario Mottu, Jaime Andrade and Jesus Yanez.

respondeat superior theory as a matter of law; the City provided Plaintiffs with written notice of the storage hearing in English and was not required to provide the notice in the Spanish language; the City and its police officers are immune from suit; the California Vehicle Code Sections upon which Plaintiffs base their negligence per se claim do not impose a mandatory duty on the City or its officers; and the Doe Defendants are improper. The Court finds it appropriate to take the motions under submission for decision pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the City's motion to strike is granted in part and denied in part and the motion to dismiss is granted in part and denied in part.

## II. BACKGROUND

A. The Instant Action - filed November 18, 2016

On or about October 5, 2015, City police officers allegedly conducted a traffic stop of Recendiz Garcia's son, Carlos Daniel Recendiz ("Carlos"), who was driving her truck. First Amended Complaint ("FAC") at ¶20. The officers allegedly cited Carlos for driving without a license and ordered Leyva's Towing to tow the truck. Id. The officers allegedly denied Carlos' request to call Recendiz Garcia to have her remove the truck. Id. The same day, Recendiz Garcia allegedly went to the City's Police Department and asked, in Spanish, to speak with the Police Chief. Id. at ¶21. Plaintiffs allege that the administrator at the front desk told Recendiz Garcia, in Spanish, to speak with an unidentified officer. Id. Recendiz Garcia alleges that she used her limited English to speak with that officer, but the officer refused her request to release the truck and told her the law required that the truck be impounded for thirty days. Id. The officer allegedly failed to inform her of her right to challenge the validity of the impoundment at a storage hearing. Id.

A few days later Recendiz Garcia allegedly received a Notice of Stored Vehicle written in English ("Notice") which provided information about requesting a hearing, but she did not understand the information contained therein. Id. at ¶¶22-23. The same day, Recendiz Garcia allegedly went to Leyva's Towing and requested, in Spanish, the immediate release of her truck.

Id. An employee allegedly told Recendiz Garcia that Leyva's Towing was under orders from the City to hold the truck for thirty days and that it would cost $2,351 to retrieve the truck at the end of the thirty-day period. Id.

In mid-October 2015, Leyva's Towing allegedly mailed Recendiz Garcia a "Notice of Pending Lien Sale for Vehicle Valued $4,000 or Less" and an invoice, both written in English. Id. at ¶24. This Notice allegedly instructed Recendiz Garcia to (1) pay her bill and reclaim her vehicle within a month; (2) submit a Declaration of Opposition to dispute the pending sale within a week; or (3) allow the lien sale to proceed on or about November 13, 2015 by doing nothing. Id. Recendiz Garcia alleges that she did not understand these options because they were written in English. Id. Based upon the information Recendiz Garcia received from the Leyva's Towing employee, Recendiz Garcia allegedly made no further attempts to reclaim her truck because she could not afford to pay $2,351. Id.

Recendiz Garcia alleges that later in October of 2015, Leyva's Towing released her truck to Greenfield Auto Sales in exchange for $1,090. Id. at ¶27. Plaintiffs allege that in January of 2016, the Credit Bureau Associates, a collection agency, mailed Recendiz Garcia a debt collection letter in English attempting to collect the money she allegedly owed to Leyva's Towing. Id. at ¶29. In February of 2016, Recendiz Garcia allegedly learned her truck had been released to Greenfield Auto Sales and she repurchased her truck for $1,690. Id. at ¶30.

Plaintiffs allege that the City unlawfully towed and stored their vehicles on two prior occasions during 2013. More specifically, Plaintiffs allege that in October of 2013, Defendants towed and stored Plaintiffs' 1991 Toyota Camry, without prior notice, from a legal parking spot in front of Plaintiffs' home because the vehicle had expired registration tags. Id. at ¶33. Plaintiffs allege that they were not informed of their right to a storage hearing and that Leyva's Towing told Plaintiff Huitzil that it had sold the Camry. Id. Earlier, in March of 2013, Defendants allegedly towed and stored Plaintiffs' 2004 Pontiac Sunfire in connection with a traffic stop of Huitzil's son, who was cited for driving without a license. Id. Recendiz Garcia alleges that when she arrived at

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

3

the traffic stop she asked to remove the vehicle herself instead of having it towed, but Defendants allegedly refused. Id.

B. Earlier-filed Class Action Suit re Allegedly Unlawful Towing ("Garcia Class Action")

On March 10, 2014, Jesus Garcia ("Garcia") initiated a putative class action suit against the City, several City police officers, and Brian A. Miller, the owner of Miller's Towing, asserting federal civil rights claims and related state claims based upon the alleged unlawful towing of his vehicle. Among other things, Garcia alleged that the individual police officers targeted economically disadvantaged and low-income persons of Hispanic descent for traffic stops without a legitimate reason and unlawfully seized, impounded, sold or otherwise appropriated the drivers' vehicles to the permanent use and benefit of one or more the defendants. Garcia alleged that in more than 89 percent of the cases known to him, the towing was done by Miller's Towing and "other unknown similar companies and persons accomplished the balance of said wrongful acts." Complaint at ¶19. Garcia alleged that as part of the scheme, Defendant Brian Miller gave the individual police officers a free vehicle in exchange for every ten to fifteen seizures and impoundments contracted to Miller's Towing.

Garcia alleged that he was subjected to a traffic stop by a City police offer for a minor traffic infraction and was issued a traffic citation. Within minutes of Garcia being stopped, a tow truck allegedly arrived and at the direction of a King police officer, towed Garcia's vehicle without any explanation or instruction for how to retrieve his vehicle. Garcia alleged that Miller's Towing told him his vehicle had been impounded at the order of the police and that he could not recover his vehicle until 30 days had elapsed, and then only upon payment of all towing and impound fees. Garcia alleged that his vehicle was sold, disposed of or converted to the use of the individual defendants or other persons. After the sale, the defendant police officers and Brian Miller allegedly paid a portion of the impoundment fees and sales proceeds to King City as ostensible payment for fines and fees, and unlawfully retained the balance of the fees and sales proceeds. Based on the foregoing, Garcia asserted claims for violations of 42 U.S.C. §§1981 and

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

4

1983 (for targeting and wrongful taking of property and deliberate indifference to the violation of plaintiff's constitutional rights) and 42 U.S.C. §1985 (conspiracy). Garcia sought to represent a class defined as: "[a]ll persons subject to a traffic stop by an officer(s) of the King City, California, Police Department whose motor vehicles were seized, impounded, and thereafter sold or otherwise disposed of while under the control of the City of King City, during the period beginning three (3) years before this filing of this lawsuit until the present." Complaint at ¶44. Garcia filed a First Amended Complaint that added named plaintiffs, repeated the federal claims, added state law claims for conversion, trespass to personal property, deceit and fraud, conspiracy, negligence, and redefined the proposed class as follows:

> All persons whose motor vehicles were seized and ordered impounded by an officer(s) of the King City, California, Police Department during the period beginning three (3) years before th[e] filing of this lawsuit until the present and:
>
> (a). Whose motor vehicles were thereafter sold or otherwise disposed of while under an impound order by the City of King City; or
>
> (b). Who were charged and paid impoundment and storage fees in excess of the lawful amount in order to recover their vehicles.

Garcia Class Action First Amended Complaint at ¶117; see also Second Amended and Restated Complaint at ¶117; Third Amended Complaint at ¶143. In October of 2015, the parties settled the case. In February of 2016, the parties filed a joint motion for preliminary approval of the class action settlement. The Settlement Agreement defined the class in pertinent part as follows:

> All natural persons whose motor vehicles were stopped and ordered towed and/or impounded by Miller's Towing at the direction of one of the following officers of the King City, California Police Department: Bruce Miller . . . between March 9, 2011 and February 25, 2014. . . .

See Garcia Class Action Docket Entry No. 123. In June of 2016, the Court granted preliminary approval of the class action settlement. See Docket Entry No. 129. In January of 2017, the Court granted final approval of the class action settlement. See Docket Entry No. 149.

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

5

## III. STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

Pursuant to Fed.R.Civ.P. 12(f), a court may strike from the complaint any "redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). A motion to strike will only be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Illinois Nat'l Ins. Co. v. Nordic PCL Const., Inc., 870 F.Supp.2d 1015, 1040 (D. Hi 2012); see also Oracle v. Micron Tech., Inc., 817 F.Supp.2d 1128, 1132 (N.D. Cal. 2011) ("A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action.").

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

6

IV. DISCUSSION

A. Statute of Limitations

The City moves to strike portions of the First Amended Complaint that contain allegations regarding the March and October 2013 towing incidents on the grounds that any claims based on these towing incidents are time barred, having been filed on November 18, 2016, after the expiration of California's 2-year statute of limitations for personal injury claims provided by Cal.Code.Civ.Proc. §335.1 and after the three year statute of limitations for discrimination claims provided by Cal.Gov't Code §11135. Plaintiffs raise three arguments in opposition. First, Plaintiffs contend that the earlier-filed Garcia Class Action tolled the statute of limitations until January 25, 2017, when the Garcia Class Action settlement received final approval. The City argues that the Plaintiffs would not qualify as class members in the Garcia Class Action because that suit involved different legal claims than the instant action.

In American Pipe & Const. Co. v. Utah, 414 U.S. 538, 554 (1974), the Supreme Court held that the commencement of a class action tolls the applicable statute of limitations "as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." In Crown, Cork & Seal, Co. v. Parker, 462 U.S. 345 (1983), the Supreme Court extended the American Pipe holding to allow tolling for class members filing separate actions. "The intent of the American Pipe rule is to preserve the individual right to sue of the members of a proposed class until the issue of class certification has been decided." In re Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2nd Cir. 1987) (citing Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345 (1983)). "The theoretical basis" for the American Pipe rule "is the notion that class members are treated as parties to the class action 'until and unless they received notice thereof and chose not to continue.'" Romo v. Wells Fargo Bank, N.A., No. 15-3708 EMC, 2016 WL 324286, at *5 (N.D. Cal. Jan. 27, 2016) (citing American Pipe, 414 U.S. at 551). "Once they cease to be members of the class—for instance, when they opt out or when the certification decision excludes them—the limitation period begins to run again on their claims." In re

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

7

WorldCom Sec. Litig., 496 F.3d 245, 255 (2d Cir. 2007); see also Choquette v. City of New York, 839 F.Supp.2d 692, 699 (S.D. N.Y. 2012) ("American Pipe tolling ends when a plaintiff opts out of the class or a class certification decision of the court definitively excludes that plaintiff."); In re Initial Public Offering Securities Litigation, 617 F.Supp.2d 195, 200 (S.D. N.Y. 2007) (American Pipe tolling continues until a class certification decision of the court definitively excludes the claims of the plaintiff in question).

Relying on the definition of the class set forth in the order granting preliminary approval of the Garcia Class Action settlement, the City argues that Plaintiffs were not and could not have been members of the class because Plaintiffs' vehicles were towed by Leyva's Towing, not Miller's Towing. In doing so, the City inexplicably overlooks the broader definition of the proposed class set forth in the Garcia Class Action complaint and all subsequent versions of the complaint, which were not limited to Miller's Towing, but instead defined the class in pertinent part, as "[a]ll persons whose motor vehicles were seized and ordered impounded by an officer(s) of the King City, California, Police Department. . . ." Garcia Class Action First Amended Complaint at ¶117; see also Second Amended and Restated Complaint at ¶117; Third Amended Complaint at ¶143. Prior to the Miller's Towing limitation being instituted in the order granting preliminary approval of the class action settlement, the Garcia Class Action from its inception consistently included a definition of the proposed class that was broad enough to include the alleged towings by Leyva's Towing.

Nevertheless, the City contends that tolling is inapplicable because the Garcia Class Action involved different legal claims than those being asserted by Plaintiffs in the instant action. There is, however, "no persuasive authority for a rule which would require that the individual suit must be identical in every respect to the class suit for the statute to be tolled" and concluded that tolling applied because the plaintiff's claim "involved the same allegations that were made in the class suit of a City policy to discriminate against women in the police department." Tosti v. City of Los Angeles, 754 F.2d 1485, 1489 (9th Cir. 1985). Although not identical, the Garcia Class Action

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

8

and Plaintiffs' suit are based upon the same fundamental allegations of unlawful towing, impoundment and sale of vehicles. Therefore, the Garcia Class Action tolled the statutes of limitations to the extent Plaintiffs' claims share common allegations of unlawful towing, impoundment and sale of vehicles in 2013. See Tosti, supra.

There are, however, allegations and claims in Plaintiffs' complaint in the instant action that are materially different from and beyond the scope of the Garcia Class Action. Specifically, Plaintiffs allege that in March of 2013, Defendants refused Recendez Garcia's request to remove the 2004 Pontiac Sunfire after her son was subject to a traffic stop and cited for driving without a license. FAC at ¶¶33, 46. The Garcia Class Action did not involve similar allegations regarding Defendants' alleged refusal to allow a plaintiff to remove a vehicle. To the extent Plaintiffs' claims are predicated on the alleged refusal to remove the Pontiac Sunfire in 2013, the statutes of limitations for those claims are not tolled by the Garcia Class Action and are time barred.

Further, unlike the Garcia Class Action, Plaintiffs allege in the instant action that Defendants failed to notify Plaintiffs of their right to a storage hearing to challenge charges associated with the October 2013 towing of the Toyota Camry. FAC at ¶52. Plaintiffs also allege that Defendants failed to provide notices in the Spanish language. Id. at ¶¶58, 59, 61. To the extent Plaintiffs' claims are predicated on allegations that Defendants failed to provide notices in connection with the 2013 towing incidents, the statutes of limitations for those claims are not tolled by the Garcia Class Action and are time barred.

Second, Plaintiffs contend that Defendants are equitably estopped from asserting a statute of limitations defense because Defendants had actual or constructive knowledge that the towing incidents were unlawful. Under California law, which applies to the extent it is not inconsistent with federal law, the plaintiff carries the burden of establishing the following elements of equitable estoppel:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

9

> intended; (3) the party asserting estoppel must be ignorant of the true state of facts; and (4) the party asserting estoppel must reasonably rely on the conduct to his or her injury.

Estate of Amaro v. City of Oakland, No. 09-1019 WHA, 2010 WL 669240 (N.D. Cal. Feb. 23, 2010) (quoting Honig v. San Francisco Planning Dept., 127 Cal.App.4th 520, 529 (2005). A party asserting estoppel against the government must show "affirmative misconduct going beyond mere negligence" in addition to the four traditional elements of estoppel. Morgan v. Heckler, 779 F.2d 544, 545 (9th Cir. 1985).

Plaintiffs have not alleged sufficient facts to satisfy the elements of estoppel with respect to the claims that were not tolled by the Garcia Class Action. As discussed previously, Plaintiffs' claims were not tolled by the Garcia Class Action to the extent they are based on allegations (a) that Defendants denied a request to remove the Pontiac Sunfire, (b) that Defendants failed to notify Plaintiffs of their right to a storage hearing to challenge charges associated with the October 2013 towing of the Toyota Camry, and (c) that Defendants failed to provide notices in the Spanish language. With respect to these allegations, Plaintiffs have not alleged facts showing any of the four traditional elements of estoppel, much less facts showing that the City engaged in affirmative misconduct beyond negligence. Therefore, estoppel is inapplicable to Plaintiffs' time-barred claims.

Third, Plaintiffs contend that the statute of limitations was tolled by the delayed discovery rule. The discovery rule postpones accrual of a claim until "the plaintiff discovers, or has reason to discover the cause of action." Clemens v. Daimler Chrysler Corp., 534 F.3d 1017 (9th Cir. 2008) (quoting Norgart v. Upjohn Co., 21 Cal.4th 383, 397 (1999)). "A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Plumlee v. Pfizer, Inc., No. 13-414 LHK, 2014 WL 695024, at *8 (N.D. Cal. Feb. 21, 2014) (quoting E-Fab, Inc. v. Accountants, Inc. Services, 153 Cal.App.4th 1308, 1319 (2007)).

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

10

Here, Plaintiffs have not set forth a sufficient factual predicate for delayed discovery. Rather, the alleged facts suggest that Plaintiffs knew of their injuries when the events giving rise to the injuries occurred in 2013. Specifically, Recendez Garcia knew of her alleged injury the moment her request to remove the 2004 Pontiac Sunfire was denied. Similarly, Plaintiffs knew of their alleged injury upon receipt of notices written in the English language. As for the allegation that Defendants failed to notify Plaintiffs of their right to a storage hearing with respect to the October 2013 towing of the Toyota Camry, Plaintiffs do not set forth any facts explaining when they learned of the towing or the alleged failure of Defendants to give notice. Plaintiffs also do not set forth facts explaining their inability to have discovered the lack of notice earlier despite reasonable diligence.

Accordingly, Defendants' motion to strike is granted in part as to paragraph 33 (lines 17-18) with leave to amend, and 46 (lines 18-20), 52 (lines 14-15, 17), and 59 without leave to amend. Defendants' motion to strike is denied in all other respects.

B. Plaintiffs' First Cause of Action for Unreasonable Seizure

In the first cause of action, Plaintiffs allege that the towing and storage of their vehicles constituted an unreasonable seizure in violation of the Fourth Amendment. Defendants contend that the 2015 towing[2] was conducted in accordance with California Vehicle Code ("CVC") §22651, and therefore Plaintiffs' claim should be dismissed as a matter of law.

As a preliminary matter, the parties dispute whether CVC §22651 or §1402.6 applies. Defendants' argument is without merit regardless of the statutory basis for the initial seizure because "[t]he mere fact that a state has authorized a search or seizure does not render it reasonable under the Fourth Amendment." Mateos Sandoval v. County of Sonoma, 72 F.Supp.3d 997 (N.D. Cal. 2014) (30-day mandatory impoundment of vehicle pursuant to CVC §1402.6

---

[2] Defendants direct their argument to the 2015 towing incident because they contend the 2013 towing incidents are time barred. See Defendants' Motion to Dismiss at p.10. Plaintiffs similarly limit their opposition brief to the 2015 towing and impoundment of their truck. See Plaintiffs' Opposition at pp. 10-13.

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

11

constituted a seizure that required compliance with the Fourth Amendment).

Under the Fourth Amendment, a warrantless seizure of vehicle, such as an impoundment, is per se unreasonable under the Fourth Amendment, subject only to a few exceptions. Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005). "In their 'community caretaking' function, police officers may impound vehicles that 'jeopardize public safety and the efficient movement of vehicular traffic.'" Miranda, 429 F.3d at 864; see also Avendano-Ruiz v. City of Sebastopol, No. 15-3371 RS, 2016 WL 3017534, *6 (N.D. Cal. May 5, 2016). An impoundment of a vehicle that is conducted under the community caretaking function, however, is "justified under the Fourth Amendment only to the extent that the government's justification holds force." Brewster v. Beck, 859 F.3d 1194, 1197 (9th Cir. 2017). Thus, if after the initial impoundment the vehicle no longer jeopardizes public safety and the efficient movement of vehicular traffic, "the government must cease the seizure or secure a new justification." Id.

Plaintiffs' allegations are sufficient at the pleading stage to state a claim for unreasonable seizure. Plaintiffs allege that Defendants' towing and storage of their vehicles were not authorized by a warrant. FAC at ¶36. Plaintiffs further allege that their vehicles were not impeding traffic, were parked in legal parking spots, did not pose a hazard to other drivers, and were not at risk for vandalism. Id. at ¶38. Plaintiffs also allege that the thirty-day hold on the truck was unreasonable. Id. at ¶42. Ultimately, the reasonableness of the prolonged warrantless seizure of Plaintiffs' truck will depend upon a balancing of the "nature and quality of the intrusion on [Plaintiffs'] Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Sandoval, 72 F.Supp.3d at 1009 (quoting U.S. v. Sullivan, 753 F.3d 845, 855 (9th Cir. 2014)). Such an inquiry would be premature at the pleading stage without the benefit of a fully developed record. Defendants' motion to dismiss the first cause of action is denied.

B.  Plaintiffs' Second Cause of Action for Violation of Procedural Due Process

In the second cause of action, Plaintiffs allege that "Defendants' procedures, including failing to notify Plaintiffs of their right to a storage hearing to challenge the charges related to their

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

12

tow of their 1991 Toyota Camry and charging them for storage fees that they never incurred, created a high risk that Plaintiffs[] would be erroneously overcharged." FAC at ¶52.

For reasons discussed above, Plaintiffs' allegation regarding failure to provide notice of a storage hearing for the Toyota Camry is beyond the scope of the Garcia Class Action, and therefore any claim based upon that allegation is time barred. Defendants' motion to dismiss the second cause of action is granted.

C.  Plaintiffs' Third Cause of Action for Violation of Cal. Govt. Code §11135 et seq.

Plaintiffs allege that Defendants violated their duty to make Spanish-language versions of Storage Notices and Notices of Pending Lien Sales available to Plaintiffs. FAC at ¶58. Plaintiffs also allege that the City and Leyva's Towing failed to provide Recendez Garcia with a translator or a Spanish-speaking employee.

Citing Guerrero v. Carleson, 9 Cal.3d 808 (1973), the City contends that neither due process or nor equal protection principles require the notices at issue to be provided in the Spanish language. Plaintiffs rely on the general anti-discrimination protections provided by California Government Code §11135 and various California Regulations to argue the City's failure to provide the notices at issue in the Spanish language constitutes discrimination.

Neither party has cited nor is this Court aware of any statute or controlling caselaw governing the specific circumstances in this case. The most analogous cases cited by Defendants suggest, however, that the City's alleged failure to provide notices in the Spanish language does not constitute discrimination. See Guerrero, supra (denying motion for injunction prohibiting directors of state and county from reducing or terminating welfare payments to recipients literate in Spanish but not in English unless notice was given in Spanish language); Gonzales v. Village Avante Redevelopment, Ltd., No. 84-20525 WAI, 1985 WL 1166726 (N.D. Cal. June 24, 1985) (dismissing discrimination on the basis of national origin claim grounded in the Department of Housing and Urban Development's alleged failure to distribute rental agreements and other notices in the Spanish language); Carmona v. Sheffield, 475 F.2d 738 (9th Cir. 1973) (dismissing

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
13

plaintiff's equal protection claim targeting California's administration of unemployment insurance benefits program in the English language). In the absence of a California statute or caselaw authorizing Plaintiffs' cause of action, this Court declines to recognize Plaintiffs' cause of action for the alleged failure to provide Spanish-language versions of Storage Notices and Notices of Pending Lien Sales. Defendants' motion to dismiss the third cause of action is granted.[3]

D. Plaintiffs' Sixth through Ninth Causes of Action

Plaintiffs assert four tort claims: negligence per se, trespass to chattel, negligence and conversion. The City moves to dismiss the tort claims, asserting that they are immune because the officers are immune pursuant to California Government Code §§820.2, 820.4, 821.6. Section 820.2 provides that: "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused." Cal. Gov.t Code §820.2. Section 820.4 states, "[a] public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law." Id. at §820.4. Section 821.6 states, "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Id. at §821.6.

The negligence per se claim is based upon several theories. Plaintiffs allege that Defendants had a mandatory duty imposed by CVC §§14607.6(p) and 22850.5 to refrain from charging Plaintiffs for storage services that they did not actually incur. FAC at ¶77. Section 14607.6(p) provides that: "[c]harges for towing and storage for any vehicle impounded pursuant to this section shall not exceed the normal towing and storage rates for other vehicle towing and storage conducted by the impounding agency in the normal course of business." Accepting as true

---

[3] The eighth cause of action for negligence is based in part on Defendants' alleged failure to provide Spanish-language notices and services. FAC at 85, line 24. That allegation in the eighth cause of action is stricken for the reasons discussed above.

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

14

Plaintiffs' allegation that they were charged for services that were not incurred, Plaintiffs have stated a violation of a mandatory duty not to charge fees that exceed the normal storage rates for Leyva's Towing.

Plaintiffs also allege that Defendant had a mandatory duty imposed by CVC §14602.6 to refrain from towing and causing a thirty-day hold of their vehicles unless a police officer arrested the driver or the vehicle was involved in an accident. Id. at ¶78. Plaintiffs' interpretation of Section 14602.6, however, is not supported by caselaw. See California Highway Patrol v. Superior Court, 162 Cal.App.4th 1144, 1154 (2008) (section 14602.6 confers discretionary authority on law enforcement to determine whether to impound a vehicle). To the extent Plaintiffs' negligence per se claim is based upon Section 14602.6, the cause of action is dismissed. See FAC at ¶78, lines, 8-9.

Plaintiffs also allege that Defendants violated a mandatory duty imposed by CVC §22650 by towing and storing Plaintiffs' truck. Section 22650, however, applies to the removal of unattended vehicles. Plaintiffs' truck was not unattended. To the extent Plaintiffs' negligence per se claim is based upon Section 22650, the cause of action is dismissed. See FAC at ¶78, lines 12-14.

Plaintiffs also allege that Defendants had a mandatory duty imposed by CVC §22651(h)(1) to refrain from towing a vehicle under its authority unless a police officer arrests the driver. Id. at ¶79. Section 22651(h)(1), however, does not impose a mandatory duty. Instead, the statute provides that a peace officer "may" remove a vehicle when an officer arrests a person. To the extent Plaintiffs' negligence per se claim is based upon Section 22651(h)(1), the cause of action is dismissed. See FAC at ¶79.

The seventh cause of action for trespass to chattel is based upon allegations that Defendants caused Plaintiffs' truck to be stored for a prolonged period of time and charged exorbitant tow and storage fees. Id. at ¶¶81-82. The ninth cause of action for conversion is based upon the allegation that Defendants intentionally and substantially interfered with Plaintiffs'

property by refusing to return all three of Plaintiffs' vehicles upon request, wrongfully taking possession of Plaintiffs' vehicles and personal property within them, and wrongfully disposing of Plaintiffs' vehicles and personal property. Id. at ¶88. Plaintiffs contend that Defendants are not entitled to immunity for these actions because they are ministerial and operational. See Liberal v. Estrada, 632 F.3d 1064, 1084-85 (9th Cir. 2011) (immunity reserved for "basic policy decisions" which have been expressly committed to branches of government and as to which judicial interference would be "unseemly"). The Court agrees that the alleged conduct is properly characterized as day-to-day operational and ministerial actions as opposed to discretionary policy-based decisions. Accordingly, Defendants' motion to dismiss the seventh and ninth causes of action is denied.

In the eighth cause of action for negligence, Plaintiffs allege that Defendants violated their mandatory duties to comply with the law when towing and storing Plaintiffs' vehicles and charging related fees and disposing of vehicles. Id. at ¶85. The eighth cause of action is dismissed because it appears to be entirely duplicative of the negligence per se claim.

E. Doe Defendants

Plaintiffs name as John Doe Defendants 1-10 employees of the City that allegedly participated in towing and storing Plaintiffs' vehicles and charging Plaintiffs fees. Plaintiffs name as John Doe Defendants 11-20 employees of the City that allegedly participated in providing the City's storage hearing services including distributing the notice to Plaintiffs about their rights to challenge the City's tow and storage of their vehicles and related fees. Defendants move to dismiss all Doe Defendants on the grounds that pleading fictitious Doe defendants is improper in federal court.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Accordingly, Defendants' motion to dismiss the Doe Defendants is granted with leave to amend.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to strike is GRANTED IN PART AND DENIED IN PART. Defendants' motion to strike is granted as to paragraph 33 (lines 17-18) with leave to amend, and paragraphs 46 (lines 18-20), 52 (lines 14-15, 17), 59 and 85 (line 24) without leave to amend. Defendants' motion to strike is denied in all other respects.

Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. Defendants' motion is granted as to the second cause of action, the third cause of action, the sixth cause of action to the extent it is based upon CVC §§14602.6, 22650, and 22651(h)(1), and the eighth cause of action. The dismissal of these claims is with leave to amend, except for the third and sixth causes of action. All Doe defendants are dismissed with leave to amend. Defendants' motion to dismiss is DENIED in all other respects.

**IT IS SO ORDERED.**

Dated: November 9, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06712-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

17